Gerard H. Hanson, Esq.
Todd J. Leon, Esq.
**HILL WALLACK LLP**
21 Roszel Road
Princeton, New Jersey 08540
Telephone:	609-924-0808
Facsimile:	609-452-1888
*Attorneys for Defendant / Counterclaimant/ Third-Party Plaintiff*
*ProSelect Insurance Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEALTHPLUS SURGERY CENTER, LLC, a New Jersey Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>PROSELECT INSURANCE COMPANY,<br><br>Defendant / Counterclaimant.<br><br>and<br><br>PROSELECT INSURANCE COMPANY<br><br>Third-Party Plaintiff,<br><br>v.<br><br>YAN MOSHE and BETTY McCABE,<br><br>Third-Party Defendants. | Civil Action No. 2:19-cv-17188 (CCC)(ESK)<br><br>**ANSWER, AFFIRMATIVE DEFENSES COUNTERCLAIM, THIRD-PARTY COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant ProSelect Insurance Company ("Defendant" or "ProSelect"), by way of answer to the Complaint filed by Plaintiff Healthplus Surgery Center, LLC ("Plaintiff" or "Healthplus"), hereby states as follows:

{07230290; 1}                                       1

## ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Defendant admits the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in Paragraph 2 of the Complaint and further states that it is a corporation organized under the laws of Nebraska.

3. Defendant admits only that it issued two policies to Plaintiff bearing the same policy number, 002NJ000017922, one covering the policy period from November 22, 2017 through November 22, 2018; and a renewal policy covering the period from November 22, 2018 through November 22, 2019. To the extent that the allegations set forth in Paragraph 3 of the Complaint characterize a document, Defendant states that any such document speaks for itself and denies any contrary characterization.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits only that a number of Plaintiff's former patients and spouses have filed suit against Plaintiff and affiliated individuals. To the extent that the allegations in Paragraph 8 seek to characterize documents, Defendant states that such documents speak for themselves and denies any contrary characterization.

9. Defendant admits only that Plaintiff tendered certain lawsuits. Defendant lacks sufficient knowledge and information to form a belief as to whether Plaintiff tendered "all" lawsuits or whether it did so "timely" and leaves Plaintiff to its proofs.

10. Defendant admits that it sent correspondence to Plaintiff reserving its rights under the applicable insurance policy. Defendant further states that to the extent that the allegations in

Paragraph 10 of the Complaint characterize a document, such document speaks for itself, but admits that it informed Plaintiff that the terms of the policy required that each of the lawsuits be treated as having arisen from a single occurrence.

11.   Defendant admits only that, based upon Plaintiff's Complaint, Plaintiff contends that the aggregate limit of $5,000,000 per policy applies. To the extent the allegations set forth in Paragraph 11 of the Complaint seek to allege that the aggregate policy limits apply to the claim at issue, Defendant denies same.

12.   Defendant states that the allegations set forth in Paragraph 12 of the Complaint constitute a legal conclusion to which no response is required.

13.   Defendant states that the allegations set forth in Paragraph 13 of the Complaint constitute a legal conclusion to which no response is required.  To the extent that they constitute a factual allegation against Defendant, Defendant denies same.

**WHEREFORE**, Defendant demands Judgment: (1) dismissing the Complaint with prejudice; (2) declaring that Defendant's obligation to indemnify Plaintiff is limited to $2,000,000 for only one policy term; (3) awarding Defendant costs of suit and attorneys' fees; and (4) such other relief as this Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The remedy sought by Plaintiff is limited by the terms, exclusions, limitations, conditions, and definitions of the policy in controversy including, but not limited to, the following provision, which limits coverage in whole or in part:

*This coverage applies only if:*

*(1) The INCIDENT takes place during the policy period*

## **SECOND AFFIRMATIVE DEFENSE**

The remedy sought by Plaintiff is limited by the terms, exclusions, limitations, conditions, and definitions of the policy in controversy including, but not limited to, the following provisions, which limit coverage in whole or in part:

> *DAMAGES means all forms of compensatory sums which the INSURED is legally obligated to pay as damages including judgments, awards and settlements entered into with OUR prior written consent. DAMAGES also includes pre-judgment interest and any attorney's fees awarded against an INSURED attributable to DAMAGES covered by the POLICY.*
>
> *DAMAGES does not include CLAIM EXPENSES, government, civil or criminal fines, sanctions, penalties or taxes, punitive, exemplary, doubled, trebled or multiplied DAMAGES, restitution, or the refund or disgorgement of sums paid to or earned by the INSURED or the cost of complying with any order or injunction.*
>
> *INCIDENT means any negligent act, negligent error or negligent omission including repeated exposure to substantially the same or related negligent acts, negligent errors or negligent omissions.*
>
> .   .   .
>
> *PROFESSIONAL SERVICES is defined, in pertinent part, as:*
>
> > *1   Medical, surgical, dental or nursing treatment including the furnishing of food or beverages inconnection therewith;*
> >
> > *2   Furnishing or dispensing of medical, dental or surgival supplies or appliances;*
> >
> > .   .   .
> >
> > *6   Providing education or training of skills for the delivery of medical, surgical, dental, or nursing treatment but only if such education or training results in a CLAIM for BODILY INJURY to a patient of a NAMED INSURED.*
> >
> > *7   With the exception of the Provider Medical Professional Liability Coverage Part, PROFESSIONAL SERVICES also means the following:*
> >
> > .   .   .

> b.      Administrative duties of a NAMED INSURED'S medical director with medical staff members but only which such persons are acting within the capacity and scope of their duties as such for the NAMED INSURED.

## **THIRD AFFIRMATIVE DEFENSE**

The remedy sought by Plaintiff is limited by the terms, exclusions, limitations, conditions, and definitions of the policy in controversy including, but not limited to, the following provisions, which limit coverage in whole or in part:

> B.      *The Per Claim Limit of Liability stated in the DECLARATIONS is the total amount that WE will pay for each CLAIM to which this Coverage Part applies, regardless of the number of INSUREDS, persons injured or persons asserting CLAIMS.  The Per Claim limit is subject to the Aggregate Limit of Liability stated in the DECLARATIONS.*
>
> C.      *Regardless of the number of CLAIMS made or SUITS brought, the number of persons injured or persons asserting CLAIMS (including without limitation CLAIMS and SUITS for loss of consortium, society or services), the number of INCIDENTS, the number of properties damages, the number of INSUREDS involved or the number or nature of any injuries, the following will be deemed to be a single CLAIM:*
>
>> *1. All CLAIMS based upon, arising out of, directly or indirectly resulting from, in consequence of or in any way involving or sharing one or more of the same or related INCIDENTS, PROFESSIONAL SERVICES, facts, circumstances, transactions, events, advice, decisions, course of treatment or exposure to the same general conditions;*
>>
>> *2. All CLAIMS based upon or arising out of one or more INCIDENTS in the performance of PROFESSIONAL SERVICES t, for or concerning a woman or her unborn child(ren) or both during the course of a pregnancy (including pre-natal and post-natal care), labor or delivery; and*
>>
>> *3. All CLAIMS based upon or arising out of one or more INCIDENTS in the performance of PROFESSIONAL SERVICES to, for or concerning a single patient.*
>
> *In each circumstance described in [the] paragraphs [] above, all such INCIDENTS occurring during the POLICY PERIOD or the effective period of an applicable professional liability policy or coverage part issued by US or any of OUR affiliated insurance companies will be deemed to have occurred only during the effective period of the first such policy or coverage part when the first such*

> INCIDENT occurred. Any and all such claims arising from such INCIDENTS shall be subject exclusively to one Per Claim Limit of Liability of that first policy or coverage part.
>
> E. In no event shall more than one Per Claim Limit of Liability of this Coverage Part or the Per Claim Limit of Liability of more than one coverage part or policy issued by US or any of OUR affiliated insurance companies apply to any one INCIDENT, CLAIM or SUIT or any series of related INCIDENTS, CLAIMS or SUITS. Multiple INCIDENTS, CLAIMS or SUITS shall be deemed to be related if they arise out of, directly or indirectly result from or in any way involve or share one or more of the same or related INCIDENTS, PROFESSIONAL SERVICES, facts, circumstances, transactions, events, advice, decisions, course of treatment, claimants or exposure to the same general conditions.

## FOURTH AFFIRMATIVE DEFENSE

The remedy sought by Plaintiff is limited by the terms, exclusions, limitations, conditions, and definitions of the policy in controversy including, but not limited to, the following provision, which limits coverage in whole or in part for any liability:

> Arising out of any actual or potential breach of privacy or confidentiality, including without limitation the actual or potential unauthorized access to, use, theft, loss, disclosure, disposal, transmission, collection or recording of information contained in or accessed with or by any computer or data processing or storage systems or any electronic device or of any medical, personal, financial or other confidential or protected information concerning any person or entity.

## FIFTH AFFIRMATIVE DEFENSE

The remedy sought by Plaintiff is limited by the terms, exclusions, limitations, conditions, and definitions of the policy in controversy including, but not limited to, the following provisions, which limit coverage in whole or in part for any liability:

> 1. Which would not have occurred in whole or in part, but for the actual, alleged or threatened discharge, dispersal, seepage, migration, handling, storage, disposal, treatment, processing, release or escape of or exposure to any POLLUTANTS at any time and in, at, or from any premises or location; or
>
> 2. Arising out of:
>
>     b. Any CLAIM, SUIT or proceeding by or on behalf of any person or governmental entity or authority for DAMAGES because of, or any loss,

> *cost or expense for, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, or in any way responding to, or assessing the effects of POLLUTANTS.*

> *As used in this exclusion, POLLUTANTS means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, asbestos, acids, alkalis, chemicals, oil, gasoline or other petroleum products or derivatives, waste or material to be recycled, reconditioned or reclaimed regardless of where located.*

## SIXTH AFFIRMATIVE DEFENSE

The remedy sought by Plaintiff is limited by the terms, exclusions, limitations, conditions, and definitions of the policy in controversy including, but not limited to, the following provision, which limits coverage in whole or in part for any liability:

> *Arising from the portion of any CLAIM or judgment that relates to punitive or exemplary damages.*

## SEVENTH AFFIRMATIVE DEFENSE

The remedy sought by Plaintiff is limited by the terms, exclusions, limitations, conditions, and definitions of the policy in controversy including, but not limited to, the following provisions, which limit coverage in whole or in part for any liability:

> *Arising out of:*

> *A willful, knowing, deliberate or intentional violation of any federal, state or municipal constitution, statute, ordinance, by-law, rule or regulation ,regardless of whether or not the resulting injury was expected or intended.  However, this paragraph [] shall not apply to an INSURED if such violations were not committed by, at the direction of or with the knowledge of such INSURED*

> *any actual or potential breach of privacy or confidentiality, including without limitation the actual or potential unauthorized access to, use, theft, loss, disclosure, disposal, transmission, collection or recording of information contained in or accessed with or by any computer or data processing or storage systems or any electronic device or of any medical, personal, financial or other confidential or protected information concerning any person or entity.*

**EIGHTH AFFIRMATIVE DEFENSE**

The remedy sought by Plaintiff is limited by the terms, exclusions, limitations, conditions, and definitions of the policy in controversy including, but not limited to, the following provisions, which limit coverage in whole or in part:

*Except where otherwise expressly stated in this POLICY, the insurance afforded by this POLICY is excess over all OTHER INSURANCE, except insurance specifically purchased and written to apply in excess over the specific limits of this POLICY and that specifically references this POLICY.  WE shall not be obligated to contribute with any OTHER INSURANCE to the payment of any DAMAGES or CLAIM EXPENSES.  YOU shall comply with the other conditions of the OTHER INSURANCE and do whatever is reasonably necessary to secure coverage for DAMAGES and CLAIMS EXPENSES potentially covered by OTHER INSURANCE.*

1. *When this POLICY is excess over OTHER INSURANCE WE will pay only OUR share of the amount of DAMAGES, if any, that exceeds the sum of:*

   a. *The total amount that all such OTHER INSURANCE would pay for damages in the absence of this POLICY; and*

   b. *The total of all deductibles, co-payments, self-insured amounts, retentions and retained limits under all of that OTHER INSURANCE and under this POLICY.*

2. *When this POLICY is excess over any OTHER INSURANCE, WE will have no duty to defend YOU against any SUIT or to pay any CLAIM EXPENSES if any other insurer has a duty to defend YOU against that SUIT or to pay for any CLAIM EXPENSES, regardless of whether or not CLAIM EXPENSES are within the limits of liability of such OTHER INSURANCE or are subject to any deductible, co-payment, self-insured amount, retention or retained limit.  If the applicable Coverage Part otherwise obligates US to defend a SUIT or pay CLAIM EXPENSES, if not other insurer defends YOU, WE will undertake to do so, but WE will be entitled to YOUR rights against all those other insurers.*

**NINTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses based upon the allegations and/or actual damages sought by Plaintiff.

**WHEREFORE**, Defendant demands Judgment declaring that any obligation owed to Plaintiff is based on the policy terms, exclusions, limitations, conditions, and definitions, including, but not limited to, a maximum indemnification obligation of $2,000,000 for one policy term.

## COUNTERCLAIM

Defendant / Counterclaimant ProSelect Insurance Company, hereby seeks a Declaratory Judgment by way of Counterclaim against Plaintiff Healthplus Surgery Center.

## PARTIES

1. ProSelect Insurance Company ("ProSelect") is a corporation organized under the laws of Nebraska with a principal place of business at One Financial Center, 675 Atlantic Avenue, Boston, Massachusetts 02111.

2. Upon information and belief, Healthplus Surgery Center, LLC ("Healthplus") is a New Jersey limited liability company with offices at 321 Essex Street, Hackensack, New Jersey 07601 and a place of business at 190 Midland Avenue, Saddle Brook, New Jersey 07663.

## VENUE AND JURISDICTION

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because ProSelect is a citizen of Nebraska and Massachusetts and Healthplus is a citizen of New Jersey and the amount in controversy exceeds $75,000, exclusive of interest and costs. In the alternative, this Court has jurisdiction because this matter was properly removed pursuant to 28 U.S.C. § 1446 and the Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

5.   ProSelect issued two occurrence-based insurance policies to Healthplus, each bearing policy number 002NJ000017922.  The first policy covered the policy period running from November 22, 2017 to November 22, 2018.  The second policy covered the policy period running from November 22, 2018 to November 22, 2019.

6.   The policies, subject to limitations and exclusions, provide liability coverage for Healthplus, as well as its partners, members, stockholders, officers, directors, governors, trustees, students, volunteers, Medical Director, and any medical staff provided such individuals are acting within the scope of their duties and/or consistent with Healthplus' bylaws, rules and regulations for only those incidents which occur during the relevant policy period.

7.   Each policy further limits ProSelect's liability to a total of $2,000,000 for any "claim" to which the particular policy applies, stating that this per claim limit of liability is the total amount ProSelect will "pay for each CLAIM to which this Coverage part applies, regardless of the number of INSUREDS, persons injured or persons asserting CLAIMS."

8.   For the purpose of applying this per claim limit, each policy expressly states that "all claims based upon, arising out of, directly or indirectly resulting from, in consequence of or in any way involving one or more of the same or related incidents, professional services, facts, circumstances, transactions, events, advice, decisions, course of treatment or exposure to the same general conditions" are deemed to be a "single claim" regardless of the "number of CLAIMS made or SUITS brought, the number of persons injured or persons asserting CLAIMS (including without limitation CLAIMS and SUITS for loss of consortium, society or services), the number of INCIDENTS, the number of properties damaged, the number INSUREDS involved or the number or nature of any injuries."

9. For the purpose of applying this per claim limit, each policy expressly states that "all such INCIDENTS occurring during the POLICY PERIOD or the effective period of an applicable professional liability POLICY issued by US or any of OUR affiliated insurance companies will be deemed to have occurred only during the effective period of the first such policy or coverage part when the first such INCIDENT occurred.  Any and all such claims arising from such INCIDENTS shall be subject exclusively to one Per Claim Limit of Liability of that first policy or coverage part."

10. For the purpose of applying this per claim limit, each policy expressly states that in "no event shall more than one Per Claim Limit of Liability of this Coverage Part or the Per claim Limit of Liability of more than one coverage part or policy issued by US or any of OUR affiliated insurance companies apply to any one INCIDENT, CLAIM, or SUIT or any series of related INCIDENTS, CLAIMS or SUITS.  Multiple INCIDENTS, CLAIMS or SUITS shall be deemed to be related if they arise out of, directly or indirectly result from or in any way involve or share one or more of the same or related INCIDENTS, PROFESSIONAL SERVICES, facts circumstances, transactions, events, advice, decisions, course of treatment, claimants or exposure to the same general conditions.

11. The policies also expressly exclude any coverage arising from "punitive or exemplary damages."

12. The Policy also contains additional exclusions, including but not limited to, the unauthorized disclosure of information, pollution, and a willful, knowing, deliberate, or intentional violation of statutes, rules and regulations.

13. Healthplus is a defendant in a series of lawsuits filed (and continuing to be filed) by former patients of Healthplus (the "Pending Infection Control Lawsuits").

14. On September 7, 2018, the New Jersey Department of Health performed an investigation of Healthplus and identified deficient infection control practices that may have exposed patients to blood borne pathogens such as Hepatitis B, Hepatitis C and HIV (the "September 2017 DOH Report"). Healthplus was required to issue correspondence to all patients it had treated between January 1, 2018 and September 7, 2018, notifying them of the potential exposure.

15. In December, 2018, Healthplus issued correspondence to approximately 3,700 patients, notifying them of the findings issued by the Department of Health (the "December 2018 Correspondence").

16. Several of the patients who received the December 2018 Correspondence, and their spouses, filed the various Pending Infection Control Lawsuits. The lawsuits allege that, as stated in the September 2017 DOH Report, Healthplus was deficient in its infection control practices during the period of January 1, 2018 to September 7, 2018.

17. Healthplus has tendered multiple Pending Infection Control Lawsuits to ProSelect. ProSelect accepted the defense of the Pending Infection Control Lawsuits subject to a series of reservation of rights letters which set forth the various limitations and exclusions which may limit coverage.

18. Under the policy terms, the Pending Infection Control Lawsuits trigger coverage only in the policy which covers the period running from November 22, 2017 to November 22, 2018.

19. Under the policy terms, the Pending Infection Control Lawsuits are a single claim, subject to the $2,000,000 per claim limit.

20. Notwithstanding the policy terms, on July 18, 2019, Healthplus filed the within lawsuit seeking a declaratory judgment that ProSelect was required to provide coverage up to the $5,000,000 aggregate limit of *both* insurance policies, or $10,000,000 total.

21. Based on the foregoing, through this Counterclaim, ProSelect seeks its own declaratory judgment against Healthplus.

**WHEREFORE,** Counterclaimant / Third-Party Plaintiff ProSelect Insurance company seeks judgment against Counterclaim Defendant Healthplus Surgery Center, LLC declaring that:

A. The Pending Infection Control Lawsuits do not trigger coverage in policy number 002NJ000017922, covering the policy period of November 22, 2018 to November 22, 2019;

B. The Pending Infection Control Lawsuits constitute a single claim under the policy terms and ProSelect's coverage responsibilities are subject to the $2,000,000 per claim limit set forth in policy number 002NJ000017922, covering the policy period of November 22, 2017 to November 22, 2018;

C. Under the policy terms, ProSelect is not responsible for any punitive or exemplary damages that may be awarded against Healthplus;

D. ProSelect's coverage is limited to all other applicable limitations and/or exclusions; and

E. ProSelect shall be awarded attorneys' fees, litigation costs and/or any other just and equitable relief that this Court deems appropriate.

## THIRD-PARTY COMPLAINT

Defendant / Third-Party Plaintiff ProSelect Insurance Company, hereby seeks a Declaratory Judgment by way of Third-Party Complaint against Third-Party Defendants Yan Moshe and Betty McCabe.

## PARTIES

1. ProSelect Insurance Company ("ProSelect") is a corporation organized under the laws of Nebraska with a principal place of business at One Financial Center, 675 Atlantic Avenue, Boston, Massachusetts 02111.

2. Upon information and belief, Third-Party Defendant Yan Moshe ("Moshe") is the owner/operator of Healthplus Surgery Center, LLC ("Healthplus") and a resident of New Jersey.

3. Upon information and belief, Third-Party Defendant Betty McCabe ("McCabe") is the surgery Center Administrator for Healthplus and a resident of New Jersey.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because ProSelect is a citizen of Nebraska and Massachusetts and Third-Party Defendants Moshe and McCabe are citizens of New Jersey and the amount in controversy exceeds $75,000, exclusive of interest and costs. In the alternative, this Court has jurisdiction because this matter was properly removed pursuant to 28 U.S.C. § 1446 and the Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

6. ProSelect issued two occurrence-based insurance policies to Healthplus, each bearing policy number 002NJ000017922. The first policy covered the policy period running from November 22, 2017 to November 22, 2018. The second policy covered the policy period running from November 22, 2018 to November 22, 2019.

7. The policies, subject to limitations and exclusions, provide liability coverage for Healthplus, as well as its partners, members, stockholders, officers, directors, governors, trustees, students, volunteers, Medical Director, and any medical staff provided such individuals are acting within the scope of their duties and/or consistent with Healthplus' bylaws, rules and regulations for only those incidents which occur during the relevant policy period.

8. Each policy further limits ProSelect's liability to a total of $2,000,000 for any "claim" to which the particular policy applies, stating that this per claim limit of liability is the total amount ProSelect will "pay for each CLAIM to which this Coverage part applies, regardless of the number of INSUREDS, persons injured or persons asserting CLAIMS."

9. For the purpose of applying this per claim limit, each policy expressly states that "all claims based upon, arising out of, directly or indirectly resulting from, in consequence of or in any way involving one or more of the same or related incidents, professional services, facts, circumstances, transactions, events, advice, decisions, course of treatment or exposure to the same general conditions" are deemed to be a "single claim" regardless of the "number of CLAIMS made or SUITS brought, the number of persons injured or persons asserting CLAIMS (including without limitation CLAIMS and SUITS for loss of consortium, society or services), the number of INCIDENTS, the number of properties damaged, the number INSUREDS involved or the number or nature of any injuries."

10. For the purpose of applying this per claim limit, each policy expressly states that "all such INCIDENTS occurring during the POLICY PERIOD or the effective period of an applicable professional liability POLICY issued by US or any of OUR affiliated insurance companies will be deemed to have occurred only during the effective period of the first such policy or coverage part when the first such INCIDENT occurred. Any and all such claims

arising from such INCIDENTS shall be subject exclusively to one Per Claim Limit of Liability of that first policy or coverage part."

11. For the purpose of applying this per claim limit, each policy expressly states that in "no event shall more than one Per Claim Limit of Liability of this Coverage Part or the Per claim Limit of Liability of more than one coverage part or policy issued by US or any of OUR affiliated insurance companies apply to any one INCIDENT, CLAIM, or SUIT or any series of related INCIDENTS, CLAIMS or SUITS. Multiple INCIDENTS, CLAIMS or SUITS shall be deemed to be related if they arise out of, directly or indirectly result from or in any way involve or share one or more of the same or related INCIDENTS, PROFESSIONAL SERVICES, facts circumstances, transactions, events, advice, decisions, course of treatment, claimants or exposure to the same general conditions.

12. The policies also expressly exclude any coverage arising from "punitive or exemplary damages."

13. The Policy also contains additional exclusions, including but not limited to, the unauthorized disclosure of information, pollution, and a willful, knowing, deliberate, or intentional violation of statutes, rules and regulations.

14. Moshe and McCabe are co-defendants with Healthplus in a series of lawsuits filed (and continuing to be filed) by former patients of Healthplus (the "Pending Infection Control Lawsuits").

15. On September 7, 2018, the New Jersey Department of Health performed an investigation of Healthplus and identified deficient infection control practices that may have exposed patients to blood borne pathogens such as Hepatitis B, Hepatitis C and HIV (the "September 2017 DOH Report"). Healthplus was required to issue correspondence to all

patients it had treated between January 1, 2018 and September 7, 2018, notifying them of the potential exposure.

16. In December, 2018, Healthplus issued correspondence to approximately 3,700 patients, notifying them of the findings issued by the Department of Health (the "December 2018 Correspondence").

17. Several of the patients who received the December 2018 Correspondence, and their spouses, filed the various Pending Infection Control Lawsuits. The lawsuits allege that, as stated in the September 2017 DOH Report, Healthplus was deficient in its infection control practices during the period of January 1, 2018 to September 7, 2018.

18. Healthplus has tendered multiple Pending Infection Control Lawsuits to ProSelect. ProSelect accepted the defense of the Pending Infection Control Lawsuits subject to a series of reservation of rights letters which set forth the various limitations and exclusions which may limit coverage.

19. Under the policy terms, the Pending Infection Control Lawsuits trigger coverage only in the policy which covers the period running from November 22, 2017 to November 22, 2018.

20. Under the policy terms, the Pending Infection Control Lawsuits are a single claim, subject to the $2,000,000 per claim limit.

21. Notwithstanding the policy terms, on July 18, 2019, Healthplus filed the within lawsuit seeking a declaratory judgment that ProSelect was required to provide coverage up to the $5,000,000 aggregate limit of *both* insurance policies, or $10,000,000 total.

22. Based on the foregoing, through this Third-Party Complaint, ProSelect seeks its own declaratory judgment against Moshe and McCabe.

**WHEREFORE,** Counterclaimant / Third-Party Plaintiff ProSelect Insurance company seeks judgment against Third-Party Defendants Yan Moshe and Betty McCabe declaring that:

A. The Pending Infection Control Lawsuits do not trigger coverage in policy number 002NJ000017922, covering the policy period of November 22, 2018 to November 22, 2019;

B. The Pending Infection Control Lawsuits constitute a single claim under the policy terms and ProSelect's coverage responsibilities are subject to the $2,000,000 per claim limit set forth in policy number 002NJ000017922, covering the policy period of November 22, 2017 to November 22, 2018;

C. Under the policy terms, ProSelect is not responsible for any punitive or exemplary damages that may be awarded against Moshe, and/or McCabe;

D. ProSelect's coverage is limited to all other applicable limitations and/or exclusions; and

E. ProSelect shall be awarded attorneys' fees, litigation costs and/or any other just and equitable relief that this Court deems appropriate.


          **HILL WALLACK LLP**
          Attorneys for Defendant/ Counterclaimant/
          Third-Party Plaintiff
          ProSelect Insurance Company


          By: _____
              GERARD H. HANSON

Dated: September 3, 2019

**JURY DEMAND**

ProSelect hereby demands a trial by jury as to all issues.

**RULE 11.2 CERTIFICATION**

ProSelect, through its counsel, hereby certifies that, to the best of its knowledge and belief that: (i) the matter in controversy is not the subject of another proceeding; and (ii) no party should be joined in the within action.  ProSelect further states that it is aware of the following related lawsuits that have been filed against Healthplus Surgery Center, LLC: C.S. v. Healthplus Surgery Center et al., 2:19-cv-00964 (WJM)(MF); Marrero v. Healthplus Surgery Center, 2:19-cv-00965 (WJM)(MF); Salcedo v. Healthplus Surgery Center, Superior Court of New Jersey, ESX-L-0074-19; Perez v. Healthplus Surgery Center, Superior Court of New Jersey, ESX-L-0713-19; Yartey v. Healthplus Surgery Center, Superior Court of New Jersey, BER-L-0689-19; Whetstone v. Healthplus Surgery Center, BER-L-0691-19; Kinlock v. Healthplus Surgery Center, LLC, Superior Court of New Jersey, BER-L-268-19; Encarnacion v. Healthplus Surgery Center, LLC, Superior Court of New Jersey, BER-L-1535-19; Alvarez v. Healthplus Surgery Center, LLC, Superior Court of New Jersey, BER-L-1315-19; LaBarbiera v. Healthplus Surgery Center et al., Superior Court of New Jersey, BER-L-1037-19; DeBenedictis v. Healthplus Surgery Center, LLC, Superior Court of New Jersey, BER-L-0028-19; Bretan v. Healthplus Surgery Center et al., Superior Court of New Jersey, BER-L-1333-19; Rodriguez v. Healthplus Surgery Center, Superior Court of New Jersey, BER-L-2725-19; Raphael v. Healthplus Surgery Center, Superior Court of New Jersey, BER-5483-19; Hernandez v. Healthplus Surgery Center, Superior Court of New Jersey, BER-L-5475-19; Assent v. Healthplus Surgery Center, Superior

Court of New Jersey, BER-L-5470-19; and <u>Harris v. Healthplus Surgery Center</u>, New York Supreme Court – Kings County, Index No. 505979/2019.

        **HILL WALLACK LLP**
        Attorneys for Defendant / Counterclaimant/
        Third-Party Plaintiff
        ProSelect Insurance Company


        By:    <u>/s/ Gerard H. Hanson</u>
                  GERARD H. HANSON

Dated: September 3, 2019